Zachary Nightingale (California Bar #184501)
Marc Van Der Hout (California Bar # 80778)
Avantika Shastri (California Bar # 233453)
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Petitioner

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aquiles ARANDA,<br><br>Petitioner,<br><br>v.<br><br>Rosemary MELVILLE, District Director, in her Official Capacity, District Director, Citizenship & Immigration Services, United States Department of Homeland Security, San Francisco, California; Robin BARRETT, in her Official Capacity, Field Officer Director, Citizenship & Immigration Services, United States Department of Homeland Security, San Francisco, California; Emilio T. GONZALEZ, in his official Capacity, Director, Bureau of Citizenship and Immigration Services, United States Department of Homeland Security; and Michael CHERTOFF, in his Official Capacity, Secretary, United States Department of Homeland Security; Peter D. KEISLER, in his Official Capacity, Acting United States Attorney General; and Robert S. MUELLER, III, in his Official Capacity, Director, Federal Bureau of Investigation,<br><br>Respondents. | Case No. **C 07 5071 MEJ**<br><br>**PETITION FOR WRIT OF MANDAMUS**<br><br>Immigration Case, Administrative Procedure Act Case<br><br>USCIS No.: A 23-611-541 |

**INTRODUCTION**

1. This is an action for declaratory and mandatory relief, authorized by the Declaratory Judgment Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, ("APA") 5 U.S.C. § 551 et seq. This action seeks to compel the Department of Homeland Security ("DHS") to adjudicate the Application for Adjustment of Status under section 202 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA") filed by Petitioner Aquiles ARANDA ("Petitioner") on March 30, 2000. NACARA § 202 directs the Attorney General to adjust the status of certain nationals of Nicaragua and Cuba who have been physically present in the United States since at least December 1, 1995

2. A grant of adjustment under this statute is not discretionary. If an applicant meets the eligibility requirements, the Attorney General "shall" adjust his status. Petitioner met all of the eligibility requirements for adjustment under NACARA as of the day he filed his application. Yet, his Application has now been pending for <u>seven</u> years since the date of its filing and <u>three</u> years since the date of his interview. Petitioner, through office of undersigned counsel, has made <u>five</u> inquiries to the DHS regarding the status of Petitioner's application. None of these inquiries has ever received a response. Thus, under the circumstances presented here, the DHS's refusal to adjudicate this application is unreasonable and unlawful.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331, Federal Questions Jurisdiction because Petitioner's claims arise under the federal laws of the United States. This Court may grant relief under 28 U.S.C. § 1361 (Mandamus Act), regarding an action to compel an officer of the United States to perform his duty; 28 U.S.C. § 1651 (All Writs Act); 28 U.S.C. § 2201 (the Declaratory Judgment Act); and 5 U.S.C. § 702 (Administrative Procedures Act).

4. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Respondents are employees or officers of the United

States, acting in their official capacity, and an agency of the Untied States; because a substantial part of the events or omissions giving rise to the claim occurred in San Francisco, California, in the Northern District of California; and because the named Petitioner resides in the Northern District of California and there is no real property involved in this action. See also 8 U.S.C. § 1447(b) (venue proper in "district court for the district in which the applicant resides").

5. Intradistrict Assignment: This action should be assigned to the San Francisco Division because a substantial part of the events and omissions giving rise to this claim occurred within the jurisdiction of that division. See Local Rules 3-2(c), (d).

**PARTIES**

6. Petitioner is a native and citizen of Nicaragua, who resides in San Francisco, California, within the jurisdiction of this Court. On March 30, 2000, he filed an application for adjustment of status under NACARA with CIS. Since that time, he has properly and timely complied with all requests for fingerprinting, an interview, and additional documentation. However, the application remains pending.

7. Respondent Rosemary MELVILLE is the District Director of the San Francisco District Office of USCIS and is sued herein in her official capacity. See 8 C.F.R. §§ 2.1, 103.1.

8. Respondent Robin BARRETT is the Field Officer Director of the San Francisco District Office of USCIS and is sued herein in her official capacity. See 8 C.F.R. §§ 2.1, 103.1.

9. Respondent Emilio T. GONZALEZ, the Director of USCIS and is sued herein in his official capacity. See id.

10. Respondent Michael CHERTOFF is sued in his official capacity as the Secretary of the DHS. In this capacity, he has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. 296, 116 Stat. 2135 (Nov. 25, 2002); see also 8 U.S.C. § 1103.

11. Respondent Peter D. KEISLER is the Acting Attorney General of the United States and is sued herein in his official capacity. In this capacity, he has responsibility for providing access to criminal history record information, pursuant to 8 U.S.C. §§ 1105(b) and 1103(g).

12. Respondent Robert S. MUELLER, III, is the Director of the Federal Bureau of Investigation and is sued herein in his official capacity. In this capacity, he has responsibility for maintaining and providing access to criminal history record information.

## FACTUAL ALLEGATIONS

13. Petitioner is a citizen and national of Nicaragua. He was born on March 21, 1962. He entered the United States in 1978. He was granted asylee status on August 29, 1989 and adjusted to permanent residence on August 29, 1990, effective August 29, 1989. A copy of his permanent residence card is attached to Declaration of Zachary Nightingale in Support of Petition for Writ of Mandamus ("Nightingale Dec.") at Exhibit A.

14. On April 30, 1997, the former Immigration and Naturalization Service issued a Notice to Appear ("NTA") against Petitioner, alleging that Petitioner was removable under 8 U.S.C. § 1227(a)(2)(A)(iii), INA 237(a)(2)(A)(iii), based on a conviction on May 20, 1996 for transfer and possession of an unregistered machine gun, possession of an unregistered silencer and transfer of an unregistered silencer in violation of 18 U.S.C. § 922(0), and 26 U.S.C. §§ 5861(d) and (e).

15. On March 5, 1999, Petitioner moved to administratively close his proceedings because he was eligible to apply for adjustment of status under NACARA. The INS did not oppose the motion and agreed to administrative closure. On March 8, 1999, the Immigration Judge administratively closed Petitioner's proceedings to allow him to apply for adjustment of status under NACARA. A copy of Petitioner's motion to administratively close his proceedings is attached as Exhibit B; a copy of the INS' motion of non-opposition is attached as Exhibit C; and a copy of the Immigration Judge's order is attached as Exhibit D to Nightingale Dec.

16. On March 30, 2000, Petitioner filed an application for adjustment of status under NACARA § 202 with the INS Texas Service Center. A copy of that application, and the receipt notice that the application had been received by the Texas Service Center, are attached as Exhibit E to Nightingale Dec.

17. The INS scheduled fingerprinting appointments for Petitioner on June 16, 2000 and February 19, 2002. Copies of the Fingerprint Notices are attached as Exhibit F and G to Nightingale Dec.

18. On September 6, 2002, Petitioner received a Transfer Notice from INS, informing him that his application had been transferred from the Texas Service Center to the INS Office in San Francisco. A copy of that Transfer Notice is attached as Exhibit H to Nightingale Dec.

19. On June 12, 2004, Petitioner properly appeared for his interview in support of his application for adjustment to status. A copy of the Interview Notice is attached as Exhibit I to Nightingale Dec.

20. Following the interview, on June 12, 2003, the Acting District Director requested that Petitioner provide additional documentation within 90 days. Specifically, the requested documentation included his Social Security earnings statement, and police clearances from the cities of San Francisco and Lompoc. On June 23, 2003, the Acting District Director also requested that Petitioner provide certified diversion records for any convictions in Santa Cruz. Petitioner timely filed the additional evidence on September 10, 2003. A copy of the two Requests for Further Evidence and his Response to the Requests are attached as Exhibits J and K to Nightingale Dec.

21. On December 29, 2003, Petitioner sent a _first_ inquiry regarding the status of his application for adjustment to the Bureau of Citizenship and Immigration Services ("CIS"). A copy of the inquiry and proof of mailing is attached as Exhibit L to Nightingale Dec. Neither Petitioner nor undersigned counsel ever received a response to this inquiry.

22. On May 14, 2003, Petitioner sent a _second_ inquiry to CIS regarding the status of his application for adjustment. A copy of the inquiry and proof of mailing is attached as Exhibit M to Nightingale Dec. Neither Petitioner nor undersigned counsel ever received a response to this inquiry.

23. On November 1, 2004, Petitioner sent a <u>third</u> inquiry to CIS regarding the status of his application for adjustment. A copy of the inquiry and proof of mailing is attached as Exhibit N to Nightingale Dec. Neither Petitioner nor undersigned counsel ever received a response to this inquiry.

24. On May 26, 2005, Petitioner sent a <u>fourth</u> inquiry to CIS regarding the status of his application for adjustment. A copy of the inquiry and proof of mailing is attached as Exhibit O to Nightingale Dec. Neither Petitioner nor undersigned counsel ever received a response to this inquiry.

25. On June 19, 2007, Petitioner sent a <u>fifth</u> inquiry to CIS regarding the status of his application for adjustment. A copy of the inquiry and proof of mailing is attached as Exhibit P to Nightingale Dec. Neither Petitioner nor undersigned counsel ever received a response to this inquiry.

26. Petitioner has exhausted all available administrative remedies.

## CAUSE OF ACTION

### COUNT ONE

### (VIOLATION OF IMMIGRATION AND NATIONALITY ACT)

27. Paragraphs 1 through 26 are incorporated herein.

28. On November 9, 1997, President Clinton signed into law the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, 111 Stat. 2160, 2193. NACARA § 202 directs the Attorney General to adjust the status of certain nationals of Nicaragua and Cuba who have been physically present in the United States since at least December 1, 1995. <u>See</u> NACARA § 202(a)(1), <u>as amended</u>, Technical Corrections to Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-139 (Dec. 2, 1997) ("The status of any alien described in subsection (b) shall be adjusted" to lawful permanent residence if the alien applies for such adjustment before April 1, 2000 and is otherwise admissible). The language used by Congress, "<u>shall be adjusted</u>," indicates that Congress did not intend for this remedy to be granted in the discretion of the Attorney General. <u>Cf</u>. 8 U.S.C. § 1245(a) (providing that the status of eligible aliens "<u>may</u> be adjusted by the Attorney General <u>in his discretion</u>." (emphasis

added). See also USCIS Adjudicator's Field Manual 23.12 (d)(3) (2007) ("Remember that while NACARA does not give USCIS discretionary authority over the application for adjustment, USCIS does retain its discretionary authority when adjudicating any application for a waiver of inadmissibility."); INS Policy and Procedural Memoranda, Robert C. Divine (May 3, 2006) (noting, in its "Nonexclusive List of USCIS Case Types Authorizing Discretion," that NACARA § 202 is a limited exception to adjustment of status claims under 8 U.S.C. §§ 1255 and 1159).

29. Section 202(b) provides the eligibility requirements for adjustment of status under NACARA. Pursuant to section 202(b)(1), any applicant who meets the following requirements is eligible for adjustment: (1) is a national of Nicaragua and Cuba; and (2) has been physically present in the United States for a continuous period between December 1, 1995 and the date the application of adjustment was filed; (3) filed the application for adjustment before April 1, 2000, and (4) is otherwise admissible to the United States for permanent residence.[1] See NACARA § 202(a)(1)(A), 202(a)(1)(B); 202(b)(1); 8 C.F.R. § 245.13(a).

30. Petitioner is eligible for a grant of his application pursuant to NACARA § 202. Petitioner is a native and citizen of Nicaragua. He entered the United States prior to December 1, 1995 and applied to adjust his status under NACARA as of March 30, 2000. He is also admissible for lawful permanent residency under 8 U.S.C. § 1182(a) as modified by § 202 of NACARA. His convictions under 18 U.S.C. § 922(o) and § 5861(d), (e) do not render him inadmissible because they do not constitute grounds of

---

[1] In determining whether an applicant is admissible, the grounds of inadmissibility specified in 8 U.S.C. § 1182(a)(4) (public charge), § 1182(a)(5) (labor certification and qualifications for certain immigrants), § 1182(a)(6)(A) (aliens present without admission or parole), § 1182(a)(7)(A) (documentation requirements for immigrants) and § 1182(9)(B) (aliens previously removed and unlawfully present) shall not apply. See NACARA § 202(a)(1)(B).
The Attorney General may also grant the alien a a waiver of the grounds of inadmissibility under 8 U.S.C. § 1182(a)(9)(A) (aliens previously removed) and § 1182(a)(9)(C) (aliens unlawfully present after previous immigration violations). See NACARA § 202(a)(2)(B).
An applicant may be eligible for adjustment even if he or she has been ordered excluded, deported, removed, or ordered to depart voluntarily. See NACARA § 202(a)(3).

1  inadmissibility. [2] See 8 U.S.C. § 1182(a)(2) (showing that there are no grounds of
2  inadmissibility for aggravated felonies or fire arms offenses).[3] He has not been charged
3  as removable or inadmissible on any other basis.[4] He is therefore entitled to adjust his
4  status under NACARA. The Attorney General therefore violates his duty under the INA
5  to adjudicate and grant Petitioner's application under NACARA § 202.

## COUNT TWO

## (VIOLATION OF ADMINISTRATIVE PROCEDURES ACT)

31.  Paragraphs 1 through 26 are incorporated herein.

32. Pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 555(b), "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." See Singh v. Ilchert, 784 F. Supp. 759 (N.D. Cal. 1992) (holding that the INS did not unreasonably delay in its adjudication of applications for temporary employment authorization); Fraga v. Smith, 607 F. Supp. 517, 421 (D. Or. 1985) (applying the APA to INS adjudication of applications for naturalization).

---

[2] As Petitioner showed in his Immigration Court hearing, these convictions do not fall under any grounds of inadmissibility. Aggravated felonies and firearms offenses are not grounds for inadmissibility. See 8 U.S.C. § 1182(a)(2).

[3] Generally speaking, a person with a firearms conviction is not barred from adjustment of status, since there is no ground of inadmissibility in 8 U.S.C. § 1182 that bars the admission of aliens with firearms convictions. See Matter of Gabryelsky, 20 I. & N. Dec. 750, 756 (BIA 1993) (respondent eligible to adjust status to forgive convictions for possession of a firearm, a machine gun, and possession of a silencer and obtain waiver of inadmissibility to forgive drug offense); Matter of Rainford, 20 I. & N. Dec. 598, 602 (BIA 1992)(an alien convicted of criminal possession of a weapon is deportable under former 8 U.S.C. § 1231, but remains eligible for adjustment of status under 8 U.S.C. § 1255(a)). See also Matter of Granados, 16 I. & N. Dec. 726 (BIA 1979) (alien deportable under firearms statute is not eligible for a waiver of inadmissibility to forgive that offense because there is no corresponding ground of inadmissibility).

[4] As Petitioner noted in his application for adjustment, Petitioner also has one conviction from 1987 for driving under the influence. See Nightingale Dec. at Exh. E. He was sentenced to two days in jail. Id. This conviction does not provide the basis for a ground of removal or inadmissibility.

33. In addition, under 5 U.S.C. § 706(1), a reviewing court may "compel agency action unlawfully withheld or unreasonably delayed." See 5 U.S.C. § 706(1); see also Alkenani v. Barrows, 356 F. Supp. 2d 652, 656 (D. Tex. 2005).

34. Mandamus is available to compel a federal official to perform a duty if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. See Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997). Once the petitioner has established the prerequisites of mandamus relief, the court may exercise its discretion to grant the writ. Marquez-Ramos v. Reno, 69 F.3d 477, 479 (10th Cir. 1995). Defendants have a duty to act and have failed to do so in a reasonable time or manner. See, e.g., Patel v. Reno, 134 F.3d at 933.

35. In this case, Respondents are unreasonably withholding agency action, namely the adjudication of Petitioner's application. As shown supra, Petitioner is entirely eligible as a matter of law to adjust status pursuant to NACARA. Yet, his application has not been adjudicated even though it has been seven years since he filed the application and three years since he attended his interview. Since his interview, he has made five inquiries to the CIS regarding the status of his case, but has never received a single response to his inquiries. Thus, the CIS's refusal to adjudicate Petitioner's application is unreasonable and violates the agency's duties under 5 U.S.C. § 555(b). In addition, given that Petitioner has exhausted all other available remedies and has "no other adequate means to attain the relief he desires," his right to issuance of the writ is therefore "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Order that CIS adjudicate Petitioner's Application for Adjustment of Status within 30 days;

(3)  Award reasonable costs and attorneys' fees; and

(4)  Grant such further relief as the Court deems just and proper.

Dated: October 2, 2007                                    Respectfully submitted,

_____

Zachary Nightingale

Avantika Shastri


Attorneys for Petitioner